THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SUN AMERICAN BANK,         : | |
| : | |
|     Plaintiff,         : | |
| : | |
| v.         : | Civil Action |
| : | No. 5:08-cv-341 (CAR) |
| FAIRFIELD FINANCIAL SERVICES, INC.,   : | |
| : | |
|     Defendant.         : | |
| : | |
| _____     : | |

### ORDER ON DEFENDANT'S MOTION TO STRIKE

Defendant Fairfield Financial Services, Inc., has moved the Court to issue an order striking two affidavits by Robert Garrett submitted in connection with the parties' competing Motions for Summary Judgment. Fairfield has not specifically identified the documents to which it objects, by document number or location in the record. Fairfield's Motion refers to an "Original Affidavit" and a "Supplemental Affidavit." The "Original Affidavit," as it is described in Fairfield's Motion, appears to be Exhibit C, Part 1 to Sun American's Brief in Support of its Motion for Summary Judgment (Doc. 26-23). The Court has been unable to locate the "Supplemental Affidavit" in the voluminous record of this case. There is a second Affidavit of Robert Garrett attached as an exhibit to Sun American's Response to Fairfield's Motion for Summary Judgment (Doc. 56-9), but that Affidavit was filed after Fairfield's Motion to Strike and is not consistent with the affidavit Fairfield describes. It is not clear, then, that the "Supplemental Affidavit" has even been filed with in the Court's docket.

Fairfield has not shown good cause to strike either Affidavit. Motions to strike are generally disfavored. Several courts have described such motions as "time wasters." See, e.g., Purdee v. Pilot

Travel Centers, 2009 WL 423976, * 1 (S.D. Ga., Feb. 19, 2009); McNair v. Monsanto Co., 279 F.Supp.2d 1290, 1298 (M.D.Ga. 2003); Carlson Corp./Southeast v. Sch. Bd. of Seminole County, Fla., 778 F.Supp. 518, 519 (M.D.Fla. 1991). Rather than "striking" a document in its entirety, it is usually more appropriate "to consider a party's objections to affidavits which are filed in support of a motion for summary judgment when ruling on the merits of a motion for summary judgment." Austin South I, Ltd. v. Barton-Malow Co., 799 F.Supp. 1135, 1145 (M.D.Fla. 1992). In this case, the Court's Order on the parties' Motions for Summary Judgment will show that none of the matter to which Fairfield objects in those Affidavits was considered to support the decision to grant summary judgment in favor of Plaintiff Sun American.

Although the Court reviewed Garrett's "Original Affidavit," it was ultimately irrelevant to the decision on summary judgment. The Affidavit attached to Sun American's Motion for Summary Judgment primarily concerns the meaning of the term "downgrade," a central issue in dispute in this case. In that Affidavit, Garrett testifies regarding his understanding of the term as it is commonly used by bankers. He also submits various publications from the banking industry in which the term is used consistently with his definition. Evidence regarding the usage of others in the banking industry was unnecessary for the interpretation of the Participation Agreement in this case. As the Order on Motions for Summary Judgment explains at length, the meaning of the term "downgrade" is sufficiently clear from its plain meaning and dictionary definition. The testimony and correspondence of Fairfield's own employees confirmed that this plain meaning was consistent with common usage in the banking industry. As such, the "Original Affidavit" had no bearing on the Court's summary judgment decision.

The "Supplemental Affidavit" likewise had no bearing on the Court's decision, and may not even be a part of the record in this case. Based on Fairfield's description, the "Supplemental

Affidavit" lays out Garrett's interpretation of the Participation Agreement, the contract at the center of the parties' dispute. In its Response to Sun American's Motion for Summary Judgment, Fairfield submitted an Affidavit from Stephen Stillman, which offers a rebuttal of Garrett's interpretation of the Participation Agreement and of his definition of the term "downgrade." See Stillman Aff. (Doc. 35 Ex. 1). Such an affidavit, rather than a Motion to Strike, was an appropriate response to the Garrett Affidavits.

The parties are entitled to offer their preferred interpretations of a contract, but ultimately construction of the contract is a matter of law for the Court. The Court is able to distinguish evidence from argument and admissible evidence from inadmissible evidence. The Court is also able to identify parol evidence and determine whether it is necessary to resolve an ambiguity in a contract. In this case it was not. Nevertheless, there is no need to "strike" the Garrett Affidavits from the record of the case.

Fairfield's Motion to Strike (Doc. 32) is therefore **DENIED**.

It is SO ORDERED this 9th day of February, 2010.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT

chw