# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

SUN AMERICAN BANK,

    Plaintiff,

v.

FAIRFIELD FINANCIAL SERVICES, INC.,

    Defendant.

Civil Action
No. 5:08-cv-341 (CAR)

## FINAL ORDER

As directed in the February 9, 2010 Order on Motions for Summary Judgment, the parties in this case have conferred and submitted to the Court a stipulation of damages. The measure of damages in this case is based on Section 13 of the Participation Agreement, which requires Fairfield to return to Sun American the principal that Sun American advanced to fund the Acquilus III Construction Loan, together with any "interest, fees, and other sums due with respect to its Participation Interest."

The parties agree that the principal amount advanced by Sun American was $1,904,224.35, but dispute the amount of interest owed. Sun American calculates that Fairfield owes interest in the amount of $165,934.74 as of March 4, 2010, continuing to accrue at the rate of $423.16 per day. Fairfield does not dispute Sun American's calculation of the interest due on Sun American's portion of the Loan based on an 8% interest floor contemplated in certain underlying loan documents. Fairfield argues, however, that it has no obligation to pay this interest because Section 8 of the Participation Agreement requires Fairfield to pay Sun American interest only to the extent that Fairfield has actually received interest payments from the Borrower. The Borrower is in default and

1

Fairfield has not received any interest payments since February 6, 2009. Fairfield contends that it owes Sun American $478.80 in additional interest beyond what it has already paid to Sun American.

Fairfield's argument is inconsistent with the unambiguous terms of the Participation Agreement. The remedy for a breach by Fairfield is prescribed in Section 13 and is not affected by Section 8. In the event of a breach, Section 13 requires the Originating Bank – Fairfield – to repurchase the Participation Interest "for an amount equal to the aggregate of all principal, interest, fees, and other sums due with respect to [the Participating Bank's] Participation Interest." The key word in this provision is "due." Fairfield is obligated to repurchase by paying to Sun American all interest "due" with respect to the project, not just the interest actually paid by the Borrower. As the Summary Judgment Order notes, the effect and intent of this repurchase clause is to return the risk of loss to the breaching party. When Fairfield breached its disclosure obligations under the Participation Agreement, the Borrower's default became its burden to bear.

Fairfield's proposed construction of the Participation Agreement takes the provisions of Section 8 out of context and is contrary to the plain language and intent of the Agreement. Section 8 is headed "Obligations of Originating Bank." It describes Fairfield's ongoing obligation to administer the Construction Loan on behalf of the Participating Banks, until the Loan is paid in full. It has nothing to say about remedies in the event of breach. Section 8 provides, in its entirety:

> Originating Bank shall, until Participating Bank's Participation Interest in the Loan has been repaid in full: (i) hold the original promissory notes and, to the extent actually received by Originating Bank, all other documents evidencing or providing security for the Loan or containing agreements in respect to the sale or repayment of the Loan (hereinafter referred to collectively as the "***Loan Documents***") for the benefit of itself and Participating Bank (each party being deemed to have an undivided interest in the Loan Documents in proportion to their respective percentage interests in the Loan); (ii) receive for the benefit of itself and Participating Bank, all payments of interest, principal, fees, and other sums due from the Borrower(s) with respect to the Loan; and (iii) to the extent that Originating Bank actually receives interest, principal, fees and any other sums owing by Borrower(s)

2

with respect to the Loan, within forty-eight (48) hours of receipt by Originating Bank, remit to Participating Bank its Participation Interest in the same as provided in Section 7 above.

Participation Agreement ¶ 8 (Emphasis in original). Section 8 thus assigns to the Originating Bank the duty to deal directly with the Borrower in administering the Loan on behalf of the Participating Banks. The Originating Bank's primary administrative duty under Section 8 is to collect loan payments from the Borrower and distribute those payments to the Participating Banks promptly, within 48 hours of receipt.

Remedies for breach by the Originating Bank are governed by the repurchase clause in Section 13. This repurchase clause unambiguously states that the repurchase price shall include all interest "due," not all interest actually collected. As the parties seem to agree, this repurchase price also includes all principal due, not merely all principal actually repaid. Nothing in Section 13 is contradicted by Section 8, which is concerned only with the day-to-day responsibilities of the Originating Bank as the loan administrator.

Under the terms of the Participation Agreement, Sun American is entitled to recover the principal that it advanced and the accrued interest that is currently due on that principal. The parties have stipulated that the principal amount is $1,904,224.35. The interest that has accrued and is due as of the date of this order is $182,437.98. Accordingly, the Clerk of Court is hereby directed to enter **FINAL JUDGMENT** in favor of Plaintiff Sun American, in the amount of $2,086,662.33.

It is SO ORDERED this12th day of April, 2010.

                                       S/ C. Ashley Royal
                                       C. ASHLEY ROYAL, JUDGE
                                       UNITED STATES DISTRICT COURT

chw